IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LESLIE BEGAYE,

    Plaintiff,

v.                                                                           No. 1:16-cv-00746 SCY

NANCY A. BERRYHILL,[1]
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

**THIS MATTER** is before the Court on Plaintiff Leslie Begaye's Motion to Reverse and Remand the Social Security Commissioner's final decision denying Plaintiff supplemental security income benefits. Doc. 18. The Court concludes that the ALJ erred in his treatment of the opinion of consultative examining psychologist Dr. John Koewler, Ph.D. Therefore, the Court will **GRANT** Plaintiff's motion and remand this action to the Commissioner for further proceedings consistent with this opinion.

**I.    BACKGROUND**

Plaintiff filed an application for supplemental security income on April 17, 2012, alleging he was disabled due to diabetes, "broken left ankle (not recent)", "broken left wrist/hand (not recent)", leukemia (in remission), and high blood pressure. Administrative Record ("AR") 186-194; 234-35. Although he initially alleged a disability onset date of September 30, 2008, he later amended the onset date to August 25, 2011. AR 22. During the application process, Plaintiff's alleged mental conditions were also considered. After his claim was denied on initial review and

---

[1] Nancy A. Berryhill, who is now the Acting Commissioner of the Social Security Administration, is substituted for Acting Commissioner Carolyn W. Colvin under Rule 25(d) of the Federal Rules of Civil Procedure.

1

upon reconsideration, his case was set for a hearing in front of an ALJ on October 2, 2014. *Id.*

On December 19, 2014, the ALJ issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. AR 22-31. In arriving at his decision, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the date of his application. AR 24. The ALJ then found that Plaintiff suffered from two severe impairments: (1) impairment of left ankle and (2) affective disorder. *Id.* The ALJ determined that Plaintiff's remaining impairments were non-severe. AR 24-25. With regard to the two severe impairments, the ALJ, however, found that these impairments, individually or in combination, did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 25-26.

Because he found that Plaintiff's impairments did not meet a Listing, the ALJ then went on to assess Plaintiff's residual functional capacity ("RFC"). AR 26. The ALJ stated that

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except never climb ladders, ropes, scaffolds, occasionally climb ramps, stairs, occasionally balance, stoop, kneel, crouch and crawl; no operation of foot controls with left foot; and limited to understanding, remembering and carrying out simple, routine, repetitive tasks.

AR 26. The ALJ concluded that Plaintiff had no past relevant work. AR 29. Based on the RFC and the testimony of a vocational expert, the ALJ determined at step five that considering Plaintiff's age, education, work experience, and his RFC, there are jobs that exist in significant numbers in the national economy that he can perform. AR 29-30. Plaintiff appealed the ALJ's decision to the Social Security Appeals Council and the Appeals Council denied the request for review. AR 1. This appeal followed. Doc. 18.

## II. APPLICABLE LAW

### A. Disability Determination Process

A claimant is considered disabled for purposes of Social Security supplemental security income if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(3)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 416.920. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If Claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If Claimant is not so impaired, she is not disabled and the analysis stops.

(3) If Claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, Claimant is presumed disabled and the analysis stops.

(4) If, however, Claimant's impairment(s) are not equivalent to a listed impairment, Claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* Second, the ALJ determines the physical and mental demands of Claimant's past work. Third, the ALJ determines whether, given Claimant's RFC, Claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that Claimant is able to "make an adjustment to other work." 20 C.F.R. § 416.920(a)(4). If the Commissioner is unable to make that showing, Claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 416.920(a).

**B. Standard of Review**

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

### III. ANALYSIS

Plaintiff argues that the ALJ committed reversible legal error by failing to properly

evaluate the medical opinions of (1) consultative examining psychologist Dr. John Koewler, Ph.D, and (2) Dr. Eric Haag, D.P.M., a podiatrist Plaintiff sought treatment from for his left ankle. Doc. 18 at 3-10.

An ALJ must evaluate and weigh every medical opinion in the record, regardless of its source. *See* 20 C.F.R. § 416.927(c).

> Medical opinions are statements from acceptable medical sources that reflect judgment about the nature and severity of [a claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions.

*Id.* at § 416.927(a)(1). The Commissioner generally will give greater weight to the opinion of an examining physician than to one who has not examined the claimant. 20 C.F.R. § 416.927(c)(1). "[A]s the regulations governing medical opinions recognize, an examining medical-source opinion . . . is presumptively entitled to more weight than a doctor's opinion derived from a review of the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012). While an examining physician's opinion is not entitled to the deference of a treating physician's opinion, the ALJ still is required to consider an examining physician's opinion and provide specific, legitimate reasons for rejecting it. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003).

The regulations require an ALJ to consider several specific factors in weighing a medical opinion. *Id*. The factors include the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6). "The record must demonstrate that the ALJ considered all of the evidence," but there is no requirement that the ALJ "discuss every piece of evidence." *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). Although the ALJ is not required to discuss every piece of evidence, "in addition to discussing the evidence supporting his decision, the ALJ also must

discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *See Wall v. Astrue*, 561 F.3d 1048, 1074-75 (10th Cir. 2009) (quoting *Clifton*, 79 F.3d at 1009-10).

**a. Dr. Koewler's Opinion**

Plaintiff was seen by Dr. Koewler on January 12, 2012 for a consultative mental status examination. AR 710-12. Dr. Koewler diagnosed Plaintiff with: depressive disorder, NOS, pain disorder, insomnia, and alcohol abuse in remission. AR 712. Dr. Koewler found that Plaintiff was moderately limited in (1) his ability to understand and remember detailed or complex instructions and (2) his ability to carry out instructions. *Id*. In addition, Dr. Koewler assessed a number of mild limitations in Plaintiff's ability: to understand and remember very short simple instructions; to attend and concentrate; to work without supervision; his interaction with the public, coworkers, and supervisors due to depression; and to adapt to changes in the work place. *Id*.

Plaintiff argues that the ALJ committed legal error by failing to weigh Dr. Koewler's opinion. Doc. 18 at 8-10. Upon review of the ALJ's decision, the Court agrees with Plaintiff's characterization of the ALJ's treatment of Dr. Koewler's opinion. In his decision, the ALJ summarized portions of Dr. Koewler's report and also used Dr. Koewler's factual findings regarding Plaintiff working around the house and taking care of a horse in formulating Plaintiff's RFC. AR 25-28. Although this demonstrates that the ALJ considered Dr. Koewler's report, the ALJ did not engage in an analysis or weighing of Dr. Koewler's opinion in his decision, as he was required to do under governing regulations. *See Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (stating that "[i]t is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions, including the opinions of

state agency medical consultants."). While the ALJ afforded "some weight to the PRTF /MRFC for unskilled work" found by two other state agency consultants, neither of whom examined Plaintiff, the ALJ inexplicably failed to indicate what, if any, weight he gave to Dr. Koewler's opinion. AR 29.

Defendant does not dispute that the ALJ committed legal error in his evaluation of Dr. Koewler's opinion. Doc. 21 at 7. Defendant summarily argues, however, that the error is harmless because the ALJ's RFC assessment accounts for the moderate limitations found by Dr. Koewler. *Id*. An ALJ's failure to weigh a medical opinion can be considered harmless error if "there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity." *Mays*, 739 F.3d at 578-79. Here, Defendant argues that by limiting Plaintiff to "understanding, remembering and carrying out simple, routine, repetitive tasks," the ALJ accounted for the two moderate limitations found by Dr. Koewler concerning (i) Plaintiff's ability to understand and remember detailed or complex instructions and (ii) his ability to carry out instructions. Defendant does not cite to any case law in support of this argument.

Although unpublished, the Tenth Circuit issued a persuasive decision addressing a similar situation in *Jaramillo v. Colvin*, 576 F. App'x 870 (10th Cir. 2014). In *Jaramillo*, the ALJ restricted the claimant to simple, routine, repetitive, and unskilled tasks in an effort to accommodate, among other things, a psychologist's finding that the claimant was moderately limited in his ability to carry out instructions. *Id*. at 876. The Tenth Circuit examined the requirements of unskilled work, and held that none of the basic mental abilities of unskilled work captured a moderate limitation on the ability to carry out instructions. *Id*. Significantly, the court also rejected the argument that a moderate limitation on the ability to carry out instructions was accounted for in an RFC limiting the claimant to simple, routine, and repetitive tasks. *See id*.

7

("None of the basic mental abilities of unskilled work . . . captures any of the three moderate limitations Dr. Mellon found (carry out instructions, attend and concentrate, and work without supervision), nor do the additional limitations to simple, routine, and repetitive tasks."). Thus, *Jaramillo* undermines Defendant's argument that the ALJ adequately addressed the moderate limitations Dr. Koewler found by limiting Plaintiff's RFC to simple, routine, and repetitive tasks. Based on the persuasive reasoning of *Jaramillo*, the Court concludes that the ALJ's failure to properly evaluate Dr. Koewler's opinion cannot be considered harmless error. Remand is therefore necessary. The Court will not address Plaintiff's remaining claims of error because they may be affected by the ALJ's treatment of this case on remand. *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion (Doc. 18). The Court reverses the Commissioner's decision denying Plaintiff benefits and remands this action to the Commissioner to conduct further proceedings consistent with this Opinion.

_____
UNITED STATES MAGISTRATE JUDGE
**Sitting by Consent**